ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| JUAN B. RIVERA BERLY<br><br>Recurrente<br><br>v.<br><br>CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO<br><br>Recurrido | KLRA202400394 | *Revisión Administrativa* procedente de la Junta de Apelaciones, Corporación del Fondo del Seguro del Estado<br><br>Caso Núm. JA-07-20<br><br>Sobre: Cobro Ilegal; Pasos por Mérito: Debido Procedo de Ley |
| --- | --- | --- |

Panel integrado por su presidente el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de diciembre de 2024.

I.

El 1 de marzo de 1993 el Sr. Juan B. Rivera Berly comenzó a trabajar en la Corporación del Fondo del Seguro del Estado (CFSE), en un puesto de carácter transitorio. Efectivo el 16 de octubre de 1995, fue nombrado en un puesto regular. El 7 de enero de 1997, el señor Rivera Berly solicitó pasos por mérito de acuerdo con su desempeño durante el año 1996 y el 26 de marzo de ese mismo año, se le concedieron dos (2) pasos. El aumento de sueldo de $219.00 correspondiente a esos dos pasos fue efectivo el 7 de enero de 1997.

Así las cosas, tras detectarse varios casos en los que se habían aprobado pasos por mérito a empleados sin que estos cumplieran con los requisitos, y luego de la correspondiente investigación y verificación, el 23 de octubre de 2006, la Directora de Asesoría Jurídica -Lcda. Wanda I. Caraballo Valentín-, emitió una Opinión Legal recomendando el recobro de lo pagado por error al señor Rivera Berly.

Número Identificador

SEN2024_____

Consecuentemente, el 13 de noviembre de 2007, la CFSE le notificó al señor Rivera Berly el recobro de los pagos que se le efectuó indebidamente desde el 7 de enero de 1997. Se le explicó, que, por un error en el cómputo de años de servicio como empleado regular en la Corporación, se tomó la fecha de comienzo como empleado transitorio. Se le indicó que, para enero de 1997 había cumplido un (1) solo año como empleado regular, por lo que tenía que esperar al mes de enero de 1999, cuando ya hubiese cumplido tres (3) años como empleado regular, para solicitar pasos por mérito. De manera que, el aumento de sueldo otorgado por concepto de pasos por mérito le fue cancelado efectivo el 7 de enero de 1997.

El 6 de diciembre de 2007, apeló ante la Junta de Apelaciones la notificación de recobro. El 27 de marzo de 2008, la CFSE presentó *Contestación a Apelación.*[1] Mediante Orden dictada el 11 de septiembre de 2008 la Junta de Apelaciones ordenó a la CFSE que "hasta que este caso se torne final y firme, no hacer ningún tipo de descuento o retención de dinero de índole alguna a los apelantes de epígrafe más allá de los descuentos que por ley se requieren como, por ejemplo, seguro social, etc. y los autorizados por el empleado". Entre los empleados o incluidos en esta Orden estaba el señor Rivera Berly.

También, mediante *Resolución* dictada el 16 de noviembre de 2010, la Junta de Apelaciones dispuso lo siguiente:

Las apelaciones en el presente caso datan del 2007 y, a pesar de que ha transcurrido tres años desde que la CFSE informó a los apelantes que procedía un recobro de salarios pagados alegadamente por error, a esta fecha no se podido precisar la cuantía, el concepto y la razón por la cual procede el repago. Ausente estos datos y fundamentos, se entenderá que no existe prueba para sostener lo alegado de forma general en las

---

[1] Apelación Núm. JA-07-20. El caso fue consolidado con los siguientes casos: Felicita García Ortiz (JA-07-24); Rafael Román Castro (JA-08-26); Norma I. Ortiz Figueroa (JA-08-27); Gilberto Rivera Cruz (JA-07-25); Sandra Silva Rivera (JA-08-04); Calixto Rivera Colón (JA-08-50); Agustín Carrasquillo Carrasquillo (JA-07-23A); Roberto Rosado González (JA-08-19); Carlos Figueroa Nieves (JA-07-23 (B)); Arleen M. Vega Ayala (JA-08-90); y Ana Echevarría Morales (JA-09-05), por tratarse de cobro de indebido en la concesión de pasos por mérito.

cartas a los apelantes y se declararán con lugar las apelaciones sin necesidad de vista. El mínimo del debido proceso de ley exige notificación clara y adecuada de cuál es el reclamo y sus fundamentos. De esa manera se coloca al empleado en posición para defenderse.

Se le concedió a la CFSE un término final y fatal de sesenta (60) días para rendir un informe claro, preciso y fundamentado de cuáles son los repagos reclamados, cuál fue el error y cuál es el fundamento para que se devuelva lo recibido. Este informe deberá ser discutido con los abogados de los apelantes. Se reitera todo lo indicado en la Minuta del 21 de octubre de 2010.

Basado en la *Orden* del 11 de septiembre de 2008 y la *Resolución* del 16 de noviembre de 2010 dictada en los casos consolidados, el señor Rivera Berly presentó tres (3) mociones en *Solicitud de Devolución de Dinero Retenido*. El 15 de abril de 2021, la Junta de Apelaciones emitió *Resolución* en la que reconoció la existencia de la *Orden* del 11 de septiembre de 2008, e indicó que la misma carecía de advertencias para la CFSE en caso de incumplimiento por lo que no se le podía imponer sanciones. En su *Resolución* la Junta de Apelaciones expresó:

[A]unque podemos entender que en algunos casos la CFSE pudo haber realizado algunos descuentos con posterioridad y en contravención con la orden del 11 de septiembre de 2008, no procede en estos momentos ordenar la devolución de dicho dinero retenido, por tratarse de fondos que están en controversia. El recobro a los empleados apelantes, de los salarios pagados por error de la CFSE, es un asunto en controversia que no ha sido resuelto por la Junta de Apelaciones. Por lo tanto, en estos momentos no procede emitir una determinación ordenando a la CFSE a devolver parcialmente un dinero que se encuentra pendiente de adjudicar por la Junta de Apelaciones, sobre s[i] procede o no el recobro de salarios devengados. El asunto será atentado en sus méritos en una vista adjudicativa y en su consecuencia se Ordena la continuación de los procedimientos.

El 27 de junio de 2022, la CFSE presentó una *Moción Solicitando Orden* en la que solicitó la separación de los casos previamente consolidados.[2] El 28 de junio de 2022, en una *Vista de*

---

[2] El 31 de diciembre de 2013, el señor Rivera Berly se acogió a la jubilación por mérito.

*Estatus y Argumentativa,* los querellantes informaron estar de acuerdo con la separación de los casos. Así procedió a hacer la Junta de Apelaciones. El 7 de noviembre de 2022 las partes presentaron el Informe de Conferencia entre Abogadas, con las estipulaciones de hechos y de documentos de las partes.

El 26 de diciembre de 2023, el señor Rivera Berly presentó *Solicitud de Resolución Sumaria.* El 9 de febrero de 2024 la CFSE instó *Oposición a Solicitud de Resolución Sumaria y Solicitud de Desestimación de la Apelación.* El 2 de mayo de 2024, notificada y archivada en autos en esa misma fecha, la Junta de Apelaciones dictó *Resolución Sumaria.* Declaró No Ha Lugar la *Resolución Sumaria* presentada por el señor Rivera Berly y acogió la *Solicitud de Desestimación* presentada por la CFSE. La Junta de Apelaciones concluyó que procedía de la retención por parte de la CFSE de los $40,812.06 "que le pagó erróneamente al señor Rivera Berly y que le retuvo como resultado de la carta de 13 de noviembre de 2007".

En desacuerdo, el 22 de mayo de 2024, el señor Rivera Berly presentó *Solicitud de Reconsideración.* El 3 de junio de 2024 la CFSE presentó *Oposición a Solicitud de Reconsideración.* Mediante *Decisión y Orden* dictada y notificada el 20 de junio de 2024, la Junta de Apelaciones se negó a reconsiderar. Aun insatisfecho, el 24 de julio de 2024, el señor Rivera Berly acudió ante este Foro intermedio vía *Recurso de Revisión Administrativa.* Sostiene:

> PRIMER ERROR: ERRÓ LA JUNTA DE APELACIONES AL DETERMINAR QUE EL TIEMPO TRABAJADO POR EL RECURRENTE COMO EMPLEADO TRANSITORIO DESDE EL 1 DE MARZO DE 1993 NO LE PODÍA SER CONSIDERADO PARA EL CÓMPUTO DE LOS AÑOS DE SERVICIO PARA LA CONCESIÓN DE PASOS POR MÉRITO.

> SEGUNDO ERROR: ERRÓ LA JUNTA DE APELACIONES AL ENTENDER QUE LA CFSE INCURRIÓ EN UN ERROR DE HECHO Y NO UNO DE DERECHO QUE IMPOSIBILITA LA ACCIÓN DE RECOBRO POR PARTE DE ESTA.

TERCER ERROR: ERRÓ LA JUNTA DE APELACIONES AL DETERMINAR QUE EL TÉRMINO PRESCRIPTIVO APLICABLE A LA ACCIÓN DE RECOBRO POR PARTE DE LA CFSE ES DE QUINCE AÑOS.

CUARTO ERROR: ERRÓ LA JUNTA DE APELACIONES AL REALIZAR DETERMINACIONES DE HECHOS Y/O CONCLUSIONES DE DERECHO QUE NO SE SUSTENTAN CON LA PRUEBA PRESENTADA.

QUINTO ERROR: ERRÓ LA JUNTA DE APELACIONES AL DESESTIMAR LA APELACIÓN Y ORDENAR QUE LA CFSE MANTENGA EN SUS ARCAS EL DINERO RETENIDO AL RECURRENTE SIN QUE SE HAYA DEMOSTRADO LA PROCEDENCIA DE LA DEUDA Y LA CORRECCIÓN DE LA CUANTÍA RETENIDA.

El 13 de agosto de 2024 ordenamos a la CFSE comparecer con su oposición al recurso y, presentar copia certificada del expediente administrativo del caso. El 19 de septiembre de 2024 compareció la CFSE, según le fuera ordenado. Con el beneficio de la comparecencia de las partes, el expediente administrativo y de apelación, el Derecho y jurisprudencia aplicable, procedemos a resolver.

II.

Antes de considerar los planteamientos del señor Rivera Berly, exponemos el estándar de revisión al que debemos adhesión al revisar decisiones administrativas.

A.

La norma jurídica es que las decisiones de las agencias administrativas, por conocimiento especializado y vasta experiencia en la implantación de sus leyes y reglamentos, gozan de la mayor deferencia por los tribunales.[3] Por ello, sus determinaciones se presumen legales y correctas.[4]

En nuestro quehacer revisorio, prima el principio de razonabilidad; es decir, se examina que la agencia no haya actuado

---

[3] *The Sembler Co.* v. *Mun. de Carolina*, 185 DPR 800, 821 (2012). *Asoc. FCIAS.* v. *Caribe Specialty II*, 179 DPR 923, 940 (2010); *Camacho Torres* v. *AAFMT*, 168 DPR 66 (2006).
[4] *DACo* v. *AFSCME*, 185 DPR 1, 26 (2012); *IFCO Recycling* v. *Aut. Desp. Sólidos*, 184 DPR 712, 744 (2012).

de manera arbitraria o ilegal, o de forma tan irrazonable que sea considerado abuso de discreción.[5] Nos limitamos a examinar: (1) si el remedio concedido fue razonable; (2) si las determinaciones están sostenidas con evidencia sustancial; y (3) si erró la agencia al aplicar la ley.[6] Ergo, la deferencia judicial cede ante actuaciones administrativas irrazonables o ilegales e interpretaciones administrativas que produzcan injusticias.[7]

De manera que, para impugnar la razonabilidad de una determinación o demostrar que la evidencia que obra en el expediente administrativo no es sustancial, es necesario que la parte recurrente señale la prueba en el récord que reduzca o menoscabe el peso de tal evidencia.[8] Evidencia sustancial es la prueba relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión.[9] A pesar de que como regla general no intervenimos en la interpretación que sobre su área de *expertise* realiza la agencia administrativa,[10] son decisiones revisables en todos sus aspectos, sin sujeción a norma o criterio alguno.[11]

B.

Dentro de este marco conceptual, examinemos la validez de los planteamientos que hace el señor Rivera Berly. En su primer señalamiento, imputa error a la Junta de Apelaciones al determinar que el tiempo que trabajó como empleado transitorio desde el 1 de marzo de 1993 no podía considerarse en el cómputo de los años de servicio para la concesión de pasos por mérito. En sus señalamientos cuarto y quinto plantea que las determinaciones de

---

[5] *Rolón Martínez* v. *Caldero López*, 201 DPR 26, 35 (2018); *Torres Rivera* v. *Policía*, 196 DPR 606, 626 (2016).

[6] *Asoc. FCIAS.* v. 179 DPR en la pág. 940; Véase, además, Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA § 9675.

[7] *Asoc. FCIAS.* v. 179 DPR en la pág. 941.

[8] *Domínguez* v. *Caguas Expressway Motors, Inc.*, 148 DPR 387, 398 (1999).

[9] *Rolón Martínez* v. 201 DPR en la pág. 36; *Torres Santiago* v. *Depto. de Justicia*, 181 DPR 969, 1002 (2011).

[10] *Agencias, Inc.* v. *Com. Seg. De P.R.*, 144 DPR 425, 436 (1997).

[11] *Rebollo* v. *Yiyi Motos*, 161 DPR 69, 77 (2004).

hechos y/o conclusiones de derecho a las que llegó la Junta de Apelación no se sustentan con la prueba presentada y que, por ello, la Junta de Apelaciones erró al desestimar su apelación y permitir que la CFSE retuviera el dinero sin demostrar la procedencia de la deuda y la corrección de la cuantía retenida. No tiene razón.

El Art. II del Reglamento de Sistema de Evaluación y Motivación para la Concesión de Pasos por Merito Personal Gerencial de Carrera de 1996 (Reglamento de Pasos por Mérito), enumera los requisitos para que un empleado pueda solicitar pasos por méritos. Dispone:

> A. Radicar Solicitud de Pasos por Merito, debidamente completada al Área de Recursos Humanos, durante el mes de enero del año que corresponda.
> B. Poseer 3 años de servicio como empleado regular de carrera en la Corporación del Fondo del Seguro del Estado.
> . . . .
> F. Una vez concedido un Paso por Merito el empleado podrá solicitar nuevamente al completar los siguientes requisitos:
> 1. Empleados que posean entre 3 a 15 años de servicio en la Corporación como empleado regular, deberán esperar intervalos de tres (3) años desde a fecha de efectividad del último paso por merito concedido para solicitar nuevamente.
> 2. Empleados que posean entre 15 a 25 años de servicio en la Corporación como empleado regular, deberán esperar intervalos de dos (2) años desde a fecha de efectividad del último paso por merito concedido para solicitar nuevamente.
> 3. Aquellos empleados que tengan más de 25 años de servicio en la Corporación como empleado regular, deberán esperar intervalos de un (1) año desde la fecha de efectividad del último paso por merito concedido para solicitar nuevamente.
> 4. Cumplir con los demás requisitos.

La Ley 5 del 14 de octubre de 1975, conocida como "Ley de Personal del Servicio Público de Puerto Rico", vigente para entonces, disponía que "[al] completar satisfactoriamente el periodo probatorio, el empleado pasar[í]a a ser un empleado regular de carrera".[12] El Art. 7 del Reglamento de Personal de 1999

---

[12] 3 LPRA § 1333 (derogada 2004).

(Reglamento de Personal) define *Periodo Probatorio* como el término de tiempo durante el cual un empleado al ser nombrado a un puesto, está en periodo de adiestramiento, prueba o sujeto a evaluaciones periódicas en el desempeño de sus deberes y funciones. Puesto Regular es aquel que tiene carácter de permanencia. Como sabemos, en Puerto Rico, los empleados públicos que fueron contratados por un término fijo o temporero no gozan de una expectativa de continuidad en sus cargos más allá del término para el que fueron designados.[13] Ello, porque sus nombramientos responden a necesidades de personal imprevistas o de emergencia, a través de un procedimiento especial que agiliza el reclutamiento y selección del personal necesario.[14]

El 25 de enero de 1996, como parte del caso ante la Junta de Apelaciones Número JA-91-03, la Asociación de Empleados Gerenciales de la Corporación del Fondo del Seguro del Estado (AEGCFSE), y la CFSE, alcanzaron una Estipulación en la que, entre otras cosas, se estableció el sistema de Evaluación para la concesión de paso por mérito.[15] La Estipulación establece que:

> [L]os empleados gerenciales **regulares de carrera** podrán solicitar la concesión de su primer paso por mérito a partir del 1 de enero de 1997, **siempre que a esa fecha posean tres (3) años o más de servicio como empleado regular** de carrera en la Corporación del Fondo del Seguro del Estado. Aquellos empleados que tengan menos de tres (3) años de servicio en un puesto regular de carrera en la Corporación **tendrán que esperar hasta completar tres (3) años de servicio en la Corporación para solicitar la concesión de su primer paso por mérito.** Al igual que en los casos anteriores, en toda solicitud de paso por mérito se

---

[13] *S.L.G. Giovanetti* v. *E.L.A.*, 161 DPR 492, 510 (2004); *Depto. Recs. Naturales* v. *Correa*, 118 DPR 689, 697 (1987); *García* v. *Mun. de Arroyo*, 140 DPR 750, 755 (1996).

[14] *Depto. Recs. Naturales* v. 118 DPR en la pág. 695.

[15] El 31 de mayo de 1996, la CFSE aprobó el Reglamento de Sistema de Evaluación y Motivación de Recursos Humanos de Pasos por Mérito Personal Gerencial de Carrera 1996 (Reglamento de Pasos por Mérito), en el que recogió los acuerdos alcanzados con la AEGCFSE. Véase, Reglamento de Pasos por Mérito, Apéndice del Recurso de Revisión en las págs. 46-53. El mismo día, 31 de mayo de 1996, la AEGCFSE y la CFSE suscribieron una segunda Estipulación en la que acordaron enmendar el Apartado IV (Pasos por Mérito) de la Estipulación del 25 de enero de 1996, para atemperarla al Reglamento de Pasos por Mérito. Véase, Estipulación de 31 de mayo de 1996, Apéndice del Recurso de Revisión en las págs. 119-123.

tomará en consideración el periodo de doce (12) meses anteriores a la fecha de la solicitud de los pasos por mérito. (Énfasis nuestro).

Dentro de los acuerdos alcanzados se estableció también, que "[l]a concesión de pasos por mérito a los empleados gerenciales de carrera de la [CFSE] serán otorgados únicamente conforme a lo Establecido en esta Estipulación y a los requisitos y procedimientos que se acompañan e identifican como Anejo IV, (Sistema de Evaluación y Motivación de Recursos Humanos de Pasos por Mérito Personal Gerencial de Carrera)".[16]

III.

A la luz de las anteriores disposiciones legales y reglamentarias, así como los hechos sobre los que no existe controversia, según intimó el juzgador de hechos, es obligatorio concluir que el señor Rivera Berly no tiene razón en su reclamo.

Como relacionamos previamente, el señor Rivera Berly comenzó a laborar en carácter transitorio en la CFSE en un puesto de la clase Oficial Ejecutivo I, ubicado en la Oficina Regional de Bayamón el 1 de marzo de 1993. Aunque en su origen, según la Carta de 24 de febrero de 1993 y la Notificación de Nombramientos y Juramento del 1 de marzo de 1993, su nombramiento de carácter transitorio vencía el 31 de marzo de 1993, fue extendido por la CFSE en múltiples ocasiones, siempre con una fecha de vencimiento preestablecida.

El 16 de octubre de 1995, luego de participar en la Convocatoria 45-95 Gerencial, el señor Rivera Berly pasó de ocupar el puesto Oficial Ejecutivo I con carácter transitorio, a ocupar el puesto 472 Gerencial de la clase Oficial Ejecutivo I con carácter regular. Con el fin de que este cumpliera con el término de probatoria que requería el puesto para el que competía, se le

---

[16] Véase, Estipulación de 31 de mayo de 1996, Apéndice del Recurso de Revisión a la pág. 123.

adjudicó el tiempo que había trabajado como empleado con carácter provisional, como el periodo probatorio que requería el puesto de Oficial Ejecutivo I, en virtud del Artículo XI del Convenio Colectivo. Gracias a esto, se consideró su nombramiento uno de carácter regular efectivo desde el mismo 16 de octubre de 1995.

Así que, desde que se convirtió en empleado regular el 16 de octubre de 1995 al 7 de enero de 1997, el señor Rivera Berly llevaba poco más de un (1) año de servicio como empleado regular. Como consecuencia de la Estipulación entre la CFSE y la Asociación de Empleados Gerenciales de la CFSE, solo los empleados gerenciales regulares de carrera tenían derecho a que se les concediera su primer paso por mérito a partir del 1 de enero de 1997, si a esa fecha tenían tres (3) años o más de servicio como empleado regular de carrera en la CFSE. Los que no tuvieran este periodo mínimo, tenían que completarlo para solicitar la concesión de su primer paso por mérito. En otras palabras, solo los empleados gerenciales regulares de carrera pueden solicitar pasos por mérito. El señor Rivera Berly no cumplía este requisito de tener tres (3) años o más de servicio como empleado regular de carrera en la CFSE para poder solicitar pasos por mérito, por lo que no tenía derecho a que se le concedieran los pasos que, con éxito, solicitó.

El periodo probatorio tampoco podía acreditársele para fines de completar el período establecido para ser elegible a los pasos por mérito. Ello por razón de que, en la Estipulación del 31 de mayo de 1996, en la sección Acuerdos, en su Parte E, se estableció que los pasos por mérito a los empleados gerenciales de carrera **únicamente se otorgarían conforme a lo establecido en esta Estipulación** y a los requisitos y procedimientos establecidos en el Sistema de Evaluación y Motivación para la Concesión de Pasos por Mérito al Personal Gerencial de Carrera, que formó parte de dichos acuerdos. Como dijimos, la Estipulación exigía, meridianamente

claro, que solo los empleados **regulares de carrera** podrán solicitar la concesión de su primer paso por mérito a partir del 1 de enero de 1997, **siempre que a esa fecha poseyeran tres (3) años o más de servicio como empleado regular** de carrera en la Corporación del Fondo del Seguro del Estado.

En atención a lo anterior, no podemos concluir que la CFSE actuó de forma arbitraria, ilegal o irrazonable al requerirle el pago de lo indebidamente al señor Rivera Berly. Tras investigar minuciosamente el caso del señor Rivera Berly, la CFSE concluyó que, en cumplimiento con su obligación constitucional de manejar los fondos públicos con los más altos principios éticos y fiduciarios,[17] debía recuperar los fondos públicos pagados indebidamente.

IV.

Precisamente, mediante su segundo señalamiento de error el señor Rivera Berly arguye que no procedía el recobro de lo pagado. Al respecto el Art. 1795 del Código Civil de Puerto Rico,[18] dispone, que "[c]uando se recibe alguna cosa que no había derecho a cobrar, y que por error ha sido debidamente entregada, surge la obligación de restituirla". En virtud de esta doctrina de cobro de lo indebido, nace la obligación de restituir la cosa recibida indebidamente.[19]

Para que se configure esta doctrina, deben concurrir tres (3) requisitos, a saber: 1) que se produzca un pago con la intención de extinguir una obligación; 2) que el pago realizado no tenga una justa causa, es decir, que no exista obligación jurídica entre el que paga y el que cobra, o si la obligación existe, que sea por una cuantía menor a la pagada y, 3) que se haya realizado por error y no por mera liberalidad o por cualquier otro concepto.[20] El único error que

---

[17] *Corporation* v. *Departamento de Estado, et als.*, 187 DPR 730, 739 (2013).
[18] 31 LPRA § 5121.
[19] *Pagán Santiago et al.* v. *ASR*, 185 DPR 341, 367 (2012).
[20] *Id.*; *E.L.A.* v. *Crespo Torres*, 180 DPR 776, 793-794 (2011).

genera la obligación de restituir lo mal pagado es el de hecho y no el derecho.[21] Este tipo de error de hecho es aquel que ocurre cuando una persona obra a base de unos hechos que no son verdaderos o, cuando, conociendo los verdaderos, se produce una equivocación meramente formal o de trámite.[22] Es lo que tradicionalmente se conoce como error humano.[23] En *Pagán Santiago* v. *ASR*, 185 DPR 341 (2012), el Tribunal Supremo resolvió que "[l]a otorgación errónea del aumento a unos pensionados fue debido a un error administrativo de contabilidad, al sistema no diferenciar entre los pensionados al amparo de la Ley Núm. 174, quienes no les correspondía el aumento".[24] Para dicho Foro, ello "equivale a concluir que el pago del aumento a los recurridos no fue otra cosa que un error de trámite"[25] y por lo tanto procedía el cobro de lo indebidamente pagado a los pensionados.[26]

Por el contrario, el error de derecho surge cuando una persona realiza un pago bajo la creencia de que el mismo le es exigible en derecho, ya sea por desconocimiento de la norma que lo descarga del pago o, por una interpretación errónea del derecho aplicable.[27]

En este caso, coincidimos con la Junta de Apelaciones, en que, el error cometido por la CFSE fue uno de hecho, pues se trató de una equivocación al computar un periodo de tiempo a partir de una fecha distinta a la que correspondía. El segundo error tampoco fue cometido.

---

[21] Es menester señalar que, la distinción entre el error de hecho y error de Derecho, en materia del cobro de lo indebido, fue descartada en el caso *E.L.A.* v. *Crespo Torres*, supra. No obstante, al eliminar dicha distinción, el Alto Foro dispuso que, la aplicación de la norma adoptada en dicho caso sería aplicada de manera prospectiva. De manera que, al presente caso, le es de aplicación la norma aquí esbozada.

[22] *Pagán Santiago et al.* v. 185 DPR en las págs. 368-369; *E.L.A.* v. 180 DPR en la pág. 794.

[23] *Id.*

[24] *Pagán Santiago et al.* v. 185 DPR en la pág. 370.

[25] *Id.*

[26] *Id.*

[27] *Id.* pág. 368; *E.L.A.* v. 180 DPR en la pág. 794.

V.

En su tercer señalamiento, el señor Rivera Berly plantea que la Junta de Apelaciones se equivocó al aplicarle el término prescriptivo de quince (15) años a la acción de recobro por parte de la CFSE. Tampoco tiene razón. Veamos.

En *ELA* v. *Comité Local del Partido Popular Democrático*, 164 DPR 608 (2005), el Tribunal Supremo reiteró que, en "ocasión de considerar una acción instada por el Estado para recobrar un alegado desembolso ilegal de fondos públicos...resolvimos que para fines de prescripción la acción aludida era una personal de cobro de dinero...siendo una acción personal sin término de prescripción... debe aplicarse el término prescriptivo de quince (15) años que dispone el Art. 1864 del Código Civil, *supra*, para las acciones personales que no tengan señalado término especial de prescripción".[28] Dicho periodo, le brinda un "término razonable al Estado dentro del cual pueda vindicar su obligación de recuperar los fondos públicos".[29]

Estamos ante una acción de la CFSE que busca recuperar fondos públicos pagados indebidamente. En tanto y en cuanto los pagos emitidos por error a favor del señor Rivera Berly son fondos públicos, a las acciones instadas por el Estado para recobrarlos le aplica el término prescriptivo que establece el artículo 1864 del Código Civil de Puerto Rico, *supra*, a saber, quince (15) años.[30] A tenor, concluimos que el tercer error tampoco se cometió.

VI.

A modo de recapitulación, la Junta de Apelaciones actuó correctamente al desestimar la Apelación interpuesta por el señor Rivera Berly. <u>Primero</u>, el tiempo que este trabajó como empleado

---

[28] *E.L.A.* v. *Cole*, 164 DPR 608, 641 (2005).

[29] *E.L.A.* v. *Soto Santiago*, 131 DPR 304, 323 (1992).

[30] *E.L.A.* v. 164 DPR en la pág. 641; *E.L.A.* v. 131 DPR en la pág. 323.

transitorio, no podía incluirse en el cómputo de los años de servicio para la concesión de pasos por mérito. Segundo, emitido de esa forma el pago por la CFSE, el mismo constituyó un error de hecho y no de derecho, que permite recobrar lo pagado indebidamente. En tercer lugar, aplicado el término prescriptivo de quince (15) años, la acción en cobro del pago de lo indebido no estaba prescrita y, finalmente, en el expediente administrativo obra evidencia sustancial suficiente para sustentar el dictamen recurrido.

VII.

Por los fundamentos expuestos, se *confirma* el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones